IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SANTANA MALDONADO LOZANO, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00054 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| PAM BONDI, in her official capacity as | § | |
| Attorney General of the United States; KRISTI | § | |
| NOEM, in her official capacity as Secretary of | § | |
| the Department of Homeland Security; | § | |
| ALEXANDER SANCHEZ, in his official | § | |
| capacity as Co-Associate Warden of the IAH | § | |
| Secure Adult Detention Center; AND BRET | § | |
| BRADFORD, in his official capacity as Field | § | |
| Office Director of ICE Enforcement and | § | |
| Removal Operations Houston Field Office, | § | |
| | § | |
| *Respondents.* | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Santana Maldonado Lozano (Maldonado)'s Amended Petition

for Writ of Habeas Corpus (the Petition) [Dkt. 10]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Santana Maldonado Lozano is a Mexican national who entered the United States

illegally in 2012. [Dkt. 1 at ¶ 18]. On December 11, 2025, United States Immigration and Customs

Enforcement (ICE) detained Maldonado. *Id.* at ¶ 21.

On January 16, 2026, Maldonado brought a habeas corpus petition in the Southern District of

Texas, claiming that his detention violated the Immigration and Naturalization Act (INA)[1] and the

Fifth Amendment to the United States Constitution. [Dkt. 1]. Maldonado amended his Petition on

March 7, 2026, after his case was transferred to this Court. [Dkt. 10].

---

[1] 8 U.S.C. § 1101 et seq.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Maldonado argues that the Government violated procedural due process[2] by failing to provide him with a bond hearing before an immigration judge, or any other "individualized assessment." *See* [Dkt. 10 at ¶ 52]. Even if Maldonado were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Maldonado's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 10 at ¶ 52]. Maldonado's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Maldonado's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[3] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a

---

[2] Maldonado also raises a "substantive due process" claim. [Dkt. 10 at ¶ 45]. However, because this claim focuses on the lack of "individualized findings" supporting Maldonado's detention, it speaks to a lack of adequate procedures. Hence, it is more accurately characterized as a procedural due process claim, and it cannot be asserted in a habeas petition. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

[3] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Maldonado's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Maldonado's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Maldonado's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Maldonado to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### IV. CONCLUSION

It is therefore **ORDERED** that Maldonado's Amended Petition for Writ of Habeas Corpus [Dkt. 10] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 10th day of March, 2026.**

Michael J. Truncale
United States District Judge